UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00171-KK-DTBx** | Date: | April 17, 2026 |
|---|---|---|---|
| Title: | ***Robert Harris v. Elementis Specialties, Inc. et al.*** | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order DENYING Defendant's Motion for Sanctions [Dkt. 24]**

## I.
## INTRODUCTION

On February 27, 2026, this Court granted plaintiff Robert Harris's ("Plaintiff") unopposed Motion to Remand the action to San Bernardino County Superior Court and closed the case. ECF Docket No. ("Dkt.") 18. On March 26, 2026, defendant Elementis Specialties, Inc. ("Defendant") filed the instant Motion for Sanctions ("Motion"). Dkt. 24, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Motion is **DENIED**.

## II.
## BACKGROUND

On November 3, 2025, Plaintiff initiated this action by filing a Complaint against Defendant and Does 1 through 50 in San Bernardino County Superior Court. Dkt. 1-1. The Complaint sets forth various state claims arising out of Plaintiff's employment by Defendant. Id. On January 9, 2026, Defendant removed the action to this Court. Dkt. 1.

On February 12, 2026, Plaintiff filed the First Amended Complaint ("FAC"). Dkt. 12. One week later, on February 19, 2026, Plaintiff filed a Motion to Remand. Dkt. 13. Another week later, on February 26, 2026, Defendant filed a Motion to Dismiss the FAC arguing, among other things, Plaintiff's claims were preempted by the Labor Management Relations Act ("LMRA"). Dkt. 16.

On February 27, 2026, one day after Defendant filed its Motion to Dismiss, the Court granted Plaintiff's unopposed Motion to Remand and closed the case. Dkt. 18. Hence, no further pleadings, including an opposition to the Motion to Dismiss, were filed by the parties until the instant Motion.

On March 26, 2026, Plaintiff filed the instant Motion requesting sanctions against Defendant and its counsel under the Court's inherent authority and Local Rules 11-9 and 83-7; 28 U.S.C. § 1927; or, in the alternative, 28 U.S.C. § 1447(c). Mot. at 16-18. On April 2, 2026, Defendant filed an Opposition. Dkt. 26, Opposition ("Opp."). On April 9, 2026, Plaintiff filed a Reply. Dkt. 67.

This matter, thus, stands submitted.

## III.
## DISCUSSION

### A. APPLICABLE LAW

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citation modified). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). "[T]he district court may, in its informed discretion, rely on inherent power" to impose sanctions. Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001) (citing Chambers, 501 U.S. at 43). However, "[i]n order to invoke its inherent power, the court must make an explicit finding of bad faith." Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co., No. CV 12-6972-FMO-JEMx, 2015 WL 12732433, at *35 (C.D. Cal. Dec. 14, 2015) (citing Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008)).

The District's Local Rules also provide a basis for the imposition of sanctions. Local Rule 11-9 states "[t]he presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7." C.D. Cal. L.R. 11-9. Local Rule 83-7 also allows a court to impose sanctions for conduct that "was willful, grossly negligent, or reckless," and/or "rises to the level of bad faith and/or a willful disobedience of a court order." C.D. Cal. L.R. 83-7(a)-(b).

In addition, 28 U.S.C. § 1927 ("Section 1927") provides "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To be sanctioned under Section 1927, the attorney must have "acted 'recklessly or in bad faith.'" United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983) (quoting Barnd v. City of Tacoma, 664 F.2d 1339, 1343 (9th Cir. 1982)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument[] or argues a meritorious claim for the purpose of harassing an opponent." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996) (citation modified). "The frivolousness of a claim or argument does not by itself justify an award of sanctions under [Section] 1927; the additional element of wrongful purpose is required." Navarro v.

Gen. Nutrition Corp., No. C 03-0603 SBA, 2005 WL 2333803, at *22 (N.D. Cal. Sep. 22, 2005). "Ignorance, negligence, incompetence, or even a basic lack of professional courtesy do[es] not constitute 'bad faith.'" Id. (quoting Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990)).

Finally, under 28 U.S.C. § 1447(c) ("Section 1447(c)), a court may award costs and actual expenses, "including attorney fees," incurred from removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Ultimately, fee awards under Section 1447(c) are "left to the district court's discretion." Id. at 139.

## B. ANALYSIS

Here, the Court finds sanctions under the Court's inherent authority, Local Rules, or Section 1927 are not warranted. While there are different bases for imposing sanctions, ultimately, a common question is whether Defendant acted in bad faith. While the Court is neither impressed nor pleased with Defendant's litigation decisions, the Court does not find it rises to the level of bad faith necessary to impose sanctions.

Plaintiff argues Defendant's Motion to Dismiss was filed "without reliable legal support" and cites "multiple authority defects." Mot. at 11. Among other things, Plaintiff cites (and Defendant has confirmed) its use of AI resulted in several citation errors, including a completely hallucinated cite and other cites that do not support the proposition Defendant's claimed they did. See id. at 11-13. While the Court agrees with Plaintiff that Defendant's failure to verify authority it cited in its filing before a federal court is inexcusable, the Court cannot conclude Defendant "knowingly or recklessly raise[d] a frivolous argument."[1] In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d at 436; see also Wilden v. Cnty. of Yuba, No. 2:11-CV-02246-JAM GGH, 2012 WL 3730657, at *2 (E.D. Cal. Aug. 24, 2012) ("The standard for awards under [Section] 1927 does not permit sanctions for incompetence in the absence of bad faith."); Srinvasan v. Kenna, No. 18-CV-03977-HSG, 2020 WL 60226, at *1 (N.D. Cal. Jan. 6, 2020) ("[I]gnorance or negligence is not a basis for sanctions under either [Section] 1927 or the Court's inherent powers." (citing Fink, 239 F.3d at 993)). Additionally, while Plaintiff cites Defendant's subsequent filings and arguments following remand, the Court declines to consider conduct and litigation that occurred in state court.[2]

Plaintiff also argues Defendant's attempt to preempt Plaintiff's claims through the LMRA was "frivolous under settled law." Mot. at 14. Plaintiff argues Defendant's preemption theory "is not a fair extension of existing law" and is an "objectively unreasonable and oppressive use of

[1] Defendant and its counsel are explicitly warned that the Court will note this incident and consider it in future litigation should Defendant or its counsel make similar "mistakes" as a result of the unverified use of AI. The Court also questions defense counsel's claim they could not file a notice of withdrawal of its MTD because the case was "closed" in Pacer. Opp. at 14. To the contrary, as evidenced by the instant motion, opposition, and reply, counsel may still file pleadings regardless of whether a case is closed in Pacer. In other words, counsel should have and could have alerted the Court to the multiple citation misrepresentations in its Motion but failed to do so.

[2] The Court also notes the case was remanded the same day Defendant's Motion to Dismiss was filed; hence, Plaintiff did not incur costs or fees preparing an opposition or attending a hearing on the motion.

preemption doctrine." Id. at 16. However, the issue is a complex one and even assuming Defendant's position was not supported by existing caselaw, arguing for an extension of existing law does not rise to the level of bad faith. See R.P. ex rel. C.P. v. Prescott Unified Sch. Dist., 631 F.3d 1117, 1126 (9th Cir. 2011) (concluding the fact that arguments were not successful did not make them frivolous).

Finally, for largely the same reasons already discussed, the Court does not find Defendant's basis for removal objectively unreasonable and declines to exercise its discretion to impose sanctions on this basis under Section 1447(c).

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.